UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK MALLORY,

   Plaintiff,

v.

THE COUNTY OF WAYNE and
NOVASTAR MORTGAGE, INC.,

   Defendants.
_____/

CIVIL ACTION NO. 09-14358

DISTRICT JUDGE JOHN FEIKENS

MAGISTRATE JUDGE DONALD A. SCHEER

# REPORT AND RECOMMENDATION

**I. RECOMMENDATION**:

I recommend that Defendant Novastar Mortgage, Inc.'s Motion to Dismiss Plaintiff's Complaint and for Summary Judgment be granted.

**II. REPORT**:

 **A. Procedural History**

Plaintiff filed this action in the Wayne County Circuit Court (Honorable Amy P. Hathaway) on October 19, 2009. Defendant Wayne County removed the case to this court on November 5, 2009. The case was referred to the undersigned magistrate judge for all pretrial matters on January 6, 2010. A Scheduling Order was entered on January 14, 2010. Discovery closed on April 15, 2010.

On April 12, 2010, Defendant Novastar Mortgage, Inc. (hereinafter "Novastar") filed its Motion to Dismiss Plaintiff's Complaint and for Summary Judgment. Plaintiff filed an untimely Response on May 11, 2010.

B.  **Applicable Law and Standard of Review**

A motion to dismiss an action under Federal Rule of Civil Procedure 12(b)(1) is an assertion that the federal district court lacks subject matter jurisdiction over the action before it.  Fed.R.Civ.P. 12(h)(3) provides that the courts lack of subject matter jurisdiction may be asserted at any time by any interested party. The district court must weigh the merits of what is presented on a Rule 12(b)(1) motion to dismiss, and decide the question of subject matter jurisdiction. "If, however, a decision of the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the decision should await a determination of the merits either by the district court on a summary judgment motion or by the fact-finder at the trial." Wright and Miller, Federal Practice and Procedure: Civil 3rd Section 1350.

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief may be granted. A complaint need not contain detailed factual allegations. Nonetheless, a plaintiff's obligation to provide the "grounds" of his entitlement to relief, as required by Fed.R.Civ.P. 8(a)(2), requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Rather, the factual allegations must be enough to raise a right to relief beyond the speculative level, on the assumption that the allegations are true. Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). The pleading must contain something more than a statement of facts which creates a mere suspicion of a legally cognizable right of action. The court should proceed on the assumption that all the allegations of the complaint are true. A well pleaded complaint may proceed even if it

appears "that a recovery is very remote and unlikely," and Rule 12(b)(6) does not continence dismissal based on a judge's disbelief of the plaintiff's factual allegations. Id.

As a general rule, matters outside the pleadings may not be considered in ruling on a Rule 12(b)(6) motion to dismiss, unless the motion is converted to one for summary judgment under Fed.R.Civ.P. 56. See Weiner v. Klais and Co., 108 F.3d 86, 88 (6th Cir. 1997). There are, however, exceptions to this general rule. Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. See, Id. at 89. Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of government agencies. See, e.g., Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997) (public records); Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1018 (5th Cir. 1996) (judicial notice); Pension Benefits Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1197 (3rd Cir. 1993) (letter decisions of government agencies).

**C.    Factual History**

This is the fifth litigation between Plaintiff and Novastar in connection with the same mortgage transaction. Plaintiff executed the mortgage on July 22, 2005, granting to Novastar Mortgage, Inc. a security interest in certain real estate at 16933 Chandler Park Drive, Detroit, Michigan. (Novastar Exhibit 2). He subsequently defaulted on the mortgage loan and Novastar foreclosed its mortgage against the property on October 12, 2006. A Sheriff's Deed executed on that date conveyed the property to Novastar. (Novastar Exhibit 3). At the expiration of the statutory redemption period, Novastar initiated summary proceedings in the 36th District Court to evict Plaintiff and recover possession of the

3

property. After a hearing on May 7, 2007, the court found that there was no triable issue of fact and entered a Judgment for Possession in favor of Novastar. (Novastar Exhibit 4).

On May 16, 2007, Plaintiff filed a Claim of Appeal with the Wayne Circuit Court. The Honorable Robert J. Colombo, Jr. found his claims to be "vexatious," and affirmed the decision of the 36th District Court. He entered an Order on September 28, 2007 dismissing Plaintiff's Appeal and awarding Novastar $2,000.00 in attorney fees. (Novastar Exhibit 5). An Order of Eviction was entered on January 14, 2008. (Novastar Exhibit 6).

Plaintiff then filed suit against Novastar in this court (Case No. 07-CV-14374) on October 15, 2007. On October 14, 2008, Novastar filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). That Motion was granted by the Honorable Paul D. Borman in an Opinion and Order of December 12, 2008. (Novastar Exhibits 7 - 9, inclusive).

Plaintiff thereupon filed a second federal Complaint (Case No. 09-CV-10866) on March 16, 2009. Novastar again filed a Motion to Dismiss. A magistrate judge's Report and Recommendation of September 21, 2009 recommended that the Motion be granted. The Report and Recommendation was accepted by the Honorable John Feikens, who entered judgment for Novastar on October 20, 2009. (Novastar Exhibits 10-13, inclusive).

Notwithstanding his lack of success in four previous legal actions, Plaintiff filed this case in the Circuit Court of Wayne County, Michigan, on October 19, 2009. The case was removed to this court by co-Defendant County of Wayne, on November 5, 2009. Novastar filed the instant Motion to Dismiss/for Summary Judgment on April 12, 2010. Plaintiff's untimely Response was filed on May 12, 2010.

D. **Analysis**

In view of the extensive state court proceedings, and two prior federal actions in which his claims as to Novastar were dismissed, I am persuaded that Plaintiff's current case must be dismissed as well. Fed.R.Civ.P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."

> The United States Supreme Court has held that if a state court, acting judicially, has decided a matter, a federal court is barred as a matter of jurisdiction from reviewing what the state court has done. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed. 2nd 206 (1983) ("United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this court.")

Gabhart v. Cocke County, Tennessee, 155 Fed.Appx. 867 (6th Cir. 2005), 2005 WL 3196601 (quoting Feldman, 450 U.S. at 486). The Rooker Feldman Abstention Doctrine "stands for the simple . . . proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in a state court, only the United States Supreme Court has jurisdiction to correct state court judgments." Anderson v. Charter Township of Ypsilanti, 266 F.3d 487, 492 (6th Cir. 2001) (citing Gottried v. Med. Planning Servs., 142 F.3d 326, 330 (6th Cir. 1998).

Two state courts have held for Novastar in connection with its rights under the mortgage executed by the Plaintiff. An Order of this court interfering with the state circuit court Judgment necessarily implies that the state court was wrong. "Where federal relief

5

can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, any other than a prohibited appeal of the state court judgment." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshal, J. concurring).

Even if Plaintiff's claims against Novastar were not withdrawn from this court's jurisdiction by the Rooker Feldman doctrine, they would be precluded by long established concepts of res judicata. A district court is empowered to raise res judicata sua sponte in the interests of promoting judicial economy. Holloway Construction Co. v. U.S. Department of Labor, 891 F.2d 1211 (6th Cir. 1990) (citing United States v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980).

28 U.S.C. §1738 provides that the judicial proceedings of any state, territory or possession of the Untied States "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the court's of such state, territory or possession from which they are taken." The Supreme Court of the United States has held that the statute obliges federal courts to give the same preclusive effect to a state court judgment as would the courts of the state rendering the judgment. McDonald v. City of West Branch, Michigan, 466 U.S. 284, 1984. Thus, if an individual would be precluded from litigating an action in state court by traditional principles of res judicata, he is similarly precluded from litigating his suit in federal court. Stemler v. Florence, 350 F.3d 578, 586 (6th Cir. 2003). It is well established that Section 1738 does not allow federal courts to employ their own rules of res judicata in determining the effects of state judgment. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373,

380 (1985). Thus, if a state court precludes an action, then a federal court must also preclude it, unless Congress has created or intended to create an exception. Id.

The Michigan Supreme Court has adopted a "broad application" of the res judicata doctrine, barring both claims actually litigated in a prior action and those claims arising out of the same transaction which plaintiff could have brought but did not. Schwartz v. Flint, 187 Mich.App. 191, 194 (1991). "To constitute a bar, there must be an identity of the causes of action, that is, an identity of facts creating the right of action and of the evidence necessary to sustain each action." Westwood Chemical Co. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981) (citations omitted). "Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." Eaton County Road Commision v. Schultz, 205 Mich.App. 371, 375 (1994). "This doctrine requires that (1) the first action be decided on the merits, (2) the matter contested in the second case was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." Id. at 376. I am satisfied that each of the elements is fully satisfied in this case as to Plaintiff's claims against Novastar.

It is readily apparent that Plaintiff's state court proceedings against Novastar and his claims in this action arise from the very same mortgage transaction. Plaintiff's claims against Novastar in this action are based upon statutory and common law obligations imposed in connection with the negotiation and execution of the same financial transaction. Any claim relating to the Plaintiff's grant of a mortgage on his real estate was necessarily ripe for adjudication at the time of the foreclosure of the mortgage in 2007. The same is true of any challenges to the Sheriff's Deed issued in connection with that foreclosure.

Plaintiff could (and should) have raised his claims in this action against Novastar in his earlier state court proceedings. Judicial disposition of his claims against Novastar in the Wayne Circuit Court constituted a final judgment on the merits for purposes of the doctrine of res judicata. Chakan v. City of Detroit, 998 F.Supp. 779 (E.D. Mich. 1998); ABB Paint Finishing v. Nat'l Union Fire Ins., 223 Mich.App. 559 (1997). I am satisfied that Plaintiff's claims in this action would be precluded by res judicata from adjudication in a subsequent state court action. Accordingly, 28 U.S.C. §1738 requires this court to give the same preclusive effect to the Wayne Circuit Court Judgment. This Complaint should be dismissed as to Novastar.

It is apparent that Plaintiff has learned little or nothing from the adverse Judgments rendered in four previous actions. I am satisfied that this case is simply an effort to forestall his ultimate eviction, and that it constitutes an abuse of the judicial system. Plaintiff should be admonished that the assertion of a groundless claim in this court is sanctionable. Further, I would recommend that he be ordered not to assert any claims relating to his mortgage in a subsequent action, under penalty of contempt of court. At some point, judicial proceedings must come to an end. Plaintiff failed to appeal his adverse state court Judgment, and this court is without jurisdiction to act as an appellate tribunal. The Complaint should be dismissed with prejudice as to Defendant Novastar.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure

to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Federation of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

<u>s/Donald A. Scheer</u><br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: May 27, 2010

---

### CERTIFICATE OF SERVICE

I hereby certify on May 24, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 24, 2010: **Derrick Mallory.**

<u>s/Michael E. Lang</u><br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217