UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK MALLORY,

    Plaintiff,

                                                                       Civil No. 09-14358
                                                                 Hon. John Feikens

    v.

THE COUNTY OF WAYNE, and
NOVASTAR MORTGAGE, INC.,

    Defendants.
_____/

**ORDER AND OPINION ADOPTING IN PART MAGISTRATE JUDGE SCHEER'S REPORT AND RECOMMENDATION [25] ON DEFENDANT NOVASTAR'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT [12]; ORDER AND OPINION DENYING DEFENDANT COUNTY OF WAYNE'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT [18]**

In this case Plaintiff Derrick Mallory, proceeding in pro per, has brought yet another challenge to Defendant NovaStar Mortgage, Inc.'s ("NovaStar") right to foreclose the mortgage on his house following his default on the mortgage loan. Since May 2007, the Plaintiff has unsuccessfully litigated this issue in state court and federal court. Undeterred, Plaintiff now alleges that he should be awarded title to his former house because, *inter alia*, NovaStar violated the Truth in Lending Act ("TILA") during closing, and NovaStar was not the holder in due course of the mortgage note. Additionally, Plaintiff asserts claims against Defendant Wayne County alleging, *inter alia*, that Wayne County fraudulently conducted the sheriff's sale resulting in NovaStar's state court Judgment of Possession.

On May 27, 2010, Magistrate Judge Donald Scheer issued a Report and Recommendation ("Report") in which he recommends that Defendant Novastar's Motion to Dismiss and Motion for

Summary Judgment be granted. (Dkt. No. 25.) Mallory has filed Objections to the Report, (Dkt. No. 28), and NovaStar has filed a Response to Mallory's Objections, (Dkt. No. 30.) Also pending before the Court is Wayne County's Motion to Dismiss and for Summary Judgment. (Dkt. No. 18.) For the reasons set forth below, I ADOPT IN PART Magistrate Judge Scheer's Report and Recommendation as to its conclusion that the *Rooker-Feldman* doctrine applies, SUSTAIN Plaintiff's Objection to the Report that this case should be remanded, DENY Defendant NovaStar's Motion to Dismiss and for Summary Judgment, DENY Defendant County of Wayne's Motion to Dismiss and for Summary Judgment, and ORDER this case be REMANDED to the Wayne County Circuit Court for further proceedings.

**I. FACTUAL BACKGROUND**

On July 22, 2005, Plaintiff executed a mortgage granting Defendant NovaStar a security interest in his house at 16933 Chandler Park Drive, Detroit, Michigan (the "Property"). Mallory subsequently defaulted on the mortgage loan, and NovaStar foreclosed on the Property on October 12, 2006. That same day, a sheriff's deed was executed, which conveyed the Property to NovaStar. (Dkt. No. 12, NovaStar's Mot. at Exh. 3.)

After the expiration of the six-month statutory redemption period, NovaStar initiated summary proceedings in the 36th District Court to evict the Plaintiff and recover possession of the Property. After a hearing, the 36th District Court found that there was no "triable issue of fact," and on May 7, 2007, entered a Judgment of Possession in favor of NovaStar. (*Id.* at Exh. 4.)

On May 16, 2007, Plaintiff appealed the 36th District Court's decision to the Wayne County Circuit Court. On September 28, 2007, the Wayne County Circuit Court concluded that Plaintiff's appeal was "vexatious," affirmed the decision of the 36th District Court, and awarded NovaStar

$2,000 in attorney fees. (*Id*. at Exh. 5) An Order of Eviction was entered on January 14, 2008. (*Id.*)

On October 15, 2007, Plaintiff filed the first federal suit relating to the foreclosure (Case No. 07-CV-14374). In response, NovaStar filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Honorable Paul D. Borman agreed with NovaStar and found that "[n]owhere throughout [Plaintiff's] pleadings does [he] come to close to articulating any federal cause of action against Defendant." (*Id.* at Exh. 9.) On December 12, 2008, Plaintiffs claim was dismissed for failure to state a claim upon which relief may be granted.

On March 16, 2009, Plaintiff filed his second suit in federal court against NovaStar but also included a host of other defendants (Case No. 09-CV-10866). Magistrate Judge Scheer issued a Report and Recommendation on September 21, 2009. In this report, he recommended that I dismiss Plaintiff's suit with prejudice for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, and, in the alternative, that Plaintiff's claims were barred under the doctrine of res judicata. (*Id.* at Exh. 11.) I adopted Magistrate Judge Scheer's recommendation, and on October 20, 2009 ordered the case to be dismissed. (*Id.* at Exh. 12.)

On October 19, 2009, apparently shunned by two federal court dismissals, Plaintiff resorted to a different avenue of attack and filed the instant action in state court. On November 29, 2009, Defendant Wayne County removed the case from Wayne County Circuit Court asserting that I have subject matter jurisdiction because Plaintiff's TILA claim raised a federal question. (Dkt. No. 1 at ¶ 2.) Somewhat awkwardly, both Defendants now assert that I lack subject matter jurisdiction because of an application of the *Rooker-Feldman* doctrine. (Dkt. No. 12, NovaStar's Mot. at 6-7; Dkt. No. 18, Wayne's Mot. at 3-4.)

3

## II. STANDARD OF REVIEW

As to Defendant NovaStar's Motion, the parts of the Report to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Id.* (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

## III. ANALYSIS

In his Report, Magistrate Judge Scheer recommends that this Court grant Defendant NovaStar's Motion to Dismiss and Motion for Summary Judgment for two reasons: (1) the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; and (2) Plaintiff's claims are precluded under the doctrine of res judicata. (*See* Dkt. No. 25.)

The basis for Mallory's objections to the Report is unclear as he asserts no legal authority that contradicts Magistrate Judge Scheer's application of *Rooker-Feldman* or res judicata. However, and of particular relevance to the disposition of both Defendants' pending motions, Plaintiff points out that "but for the removal by Wayne county, this action would still be pending in the State Court." (Dkt. No. 28, Objection I). Mallory also "question[s] what manner this Court would be interfering with any State Court action; in as much as it was the County of Wayne which removed this case from the State Court." (Dkt. No. 28, Objection IV.) Although I agree with Magistrate Judge Scheer's conclusion that *Rooker-Feldman* doctrine applies in this case, I find Plaintiff's argument that this case belongs in Wayne County Circuit Court to be correct.

The *Rooker-Feldman* doctrine[1] is a limitation on subject matter jurisdiction, and it divests a court of such jurisdiction even when a plaintiff has raised a federal question. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 291-92, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) ("*Rooker* and *Feldman* exhibit the limited circumstances in which this Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, e.g., § 1330 (suits against foreign states), § 1331 (federal question), and § 1332 (diversity)."). Because *Rooker-Feldman* limits this Court's subject matter jurisdiction, if it applies, I am precluded from addressing issues that go to the merits. *Stone v. William Beaumont Hosp.*, 782 F.2d 609, 613 n.3 (6th Cir.1986) ("[T]he issue of subject matter jurisdiction is threshold to the court's authority to invoke its jurisdiction to proceed with an action."). Thus, I will address the applicability of the *Rooker-Feldman* doctrine first.

Recently, the United States Supreme Court clarified that the *Rooker-Feldman* doctrine is limited to "cases brought by state-court losers complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. Following the Supreme Court's decision in *Exxon*, the Sixth Circuit Court of Appeals explained that "[i]f the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions,

---

[1] The doctrine gets its name from two Supreme Court cases decided sixty years apart: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *accord Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006) ("[We] have taken the Supreme Court's guidance on the application of *Rooker-Feldman* and applied the doctrine only when a plaintiff complains of injury from the state court judgment itself.").

The Report concludes that the *Rooker-Feldman* doctrine applies in this case. I agree. Although the scope of the doctrine has been narrowed following *Exxon Mobile*, the instant action falls "within [the] narrow range of cases over which jurisdiction does not exist." *See Givens v. Homecomings Fin.,* 278 Fed. Appx. 607, 608 (6th Cir. 2008). Mallory lost a state-court foreclosure action that awarded a Judgment of Possession to NovaStar. Plaintiff now alleges that "Novastar . . . is not entitled to foreclose upon Plaintiff's property as they do not have a bona fide legal interest in the property." (Dkt. No. 1, Exh. A at 2.) The relief Plaintiff seeks is "[t]hat the sheriff's deed conveyed to Plaintiff be held null and void and that the Court adjudge that fee simple title to the subject property be in Plaintiff." (*Id.* at 8.) Plaintiff also asks that I find "[t]hat all right, title and interest of Defendant and those parties claiming by, though, under or against said Plaintiff be forever quieted and confirmed in Plaintiff." (*Id.*) As these excerpts from Plaintiff's complaint make clear, Plaintiff is the type of state-court loser complaining of injuries from a state court judgment that triggers the *Rooker-Feldman* jurisdictional bar even after *Exxon Mobil*.

I find support for this conclusion in the Sixth Circuit Court of Appeals' decision in *Givens v. Homecomings Fin.*, 278 Fed. Appx. 60 (6th Cir. 2008).[2] In *Givens*, the plaintiff, Givens, executed

---

[2] *Givens* was decided after *Exxon* and recognized the Sixth Circuit's narrowing language in *McCormick*. *Givens*, 278 Fed. Appx. at 608-09 ("As the Supreme Court has recently clarified, however, the application of *Rooker-Feldman* is confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'

a mortgage on his home and subsequently defaulted on the loan. *Id.* at 608. The mortgagee, JP Morgan Chase, brought an eviction action in state court and judgment was entered granting JP Morgan Chase possession and requiring Givens to vacate the premises. *Id.* Givens then brought suit in federal court asserting that "defendants violated the [Fair Debt Collection Practices Act (FDCPA)] by failing to provide him with sufficient verification of his debt." *Id.* Givens also asserted claims of "conspiracy, intentional infliction of emotional distress, and violations of RICO." *Id.* Given the nature of the claims in *Givens*, it is apparent that they arose from, or prior to, the foreclosure proceedings.[3] The Court of Appeals nevertheless affirmed the district court's application of *Rooker-Feldman*:

> Because Givens is effectively attempting to appeal from the state order granting possession to JP Morgan Chase, his suit was properly dismissed under *Rooker-Feldman*. . . .
>
> Givens' suit fits squarely within this narrow range of cases over which jurisdiction does not exist. It is clear from his complaint that the source of Givens's injuries is the state possession order. Revealingly, the <u>primary relief</u> that Givens requests in his complaint is a temporary injunction that would "enjoin Defendants from physically entering onto plaintiff[']s property" and that would "dispos[e] . . . of any other civil or procedural action regarding the subject property." <u>Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of Rooker-Feldman was appropriate</u>.

*Id.* at 608-609 (internal citations omitted) (emphases added). Here, as in *Givens*, the "point of [Mallory's] suit is to obtain a federal reversal" of the state court Judgment of Possession. The "primary relief" Plaintiff seeks is "[t]hat all right, title and interest of Defendant and those parties

---

[*Exxon Mobil Corp.*, 544 U.S. at 284.] Thus, *Rooker-Feldman* deprives a lower court of jurisdiction only when the cause of the plaintiff's complaints is the state judgment itself. [*McCormick*, 451 F.3d at 393.]").

[3] The additional facts presented in the appeal briefs submitted in *Givens* support this conclusion.

7

claiming by, though, under or against said Plaintiff be forever quieted and confirmed in Plaintiff." (Dkt. No. 1, Exh. A at 8.) I find that there are no distinctions between *Givens* and the instant case that warrant applying *Rooker-Feldman* in the former but not the latter.

I find additional support in the fact that even after *Exxon Mobile*, a number of courts in the Sixth Circuit have applied *Rooker-Feldman* where the plaintiff-mortgagor lost in state court and then brought claims in federal court that are nearly identical to the instant case. *See Sanford v. Standard Fed. Bank*, No. 09-10506, 2009 WL 4885241, at *4 (E.D. Mich. Dec. 15, 2009) (applying *Rooker-Feldman* following a state court judgment of possession in favor of defendant-mortgagee where plaintiff alleged that "the foreclosure action of the property as well as the sheriff's deed are invalid" and sought "an order vacating the deed from the [Wayne County] Sheriff . . . to [defendant]"); *Christian v. Wells Fargo Bank*, No. 09-13337, 2009 WL 2876227, at *1 (E.D. Mich. Sep. 3, 2009) (applying *Rooker-Feldman* where subsequent to a state court writ of eviction plaintiff sued in federal court alleging, *inter alia*, that defendant had violated TILA and misrepresented that a certain deputy sheriff was authorized to conduct foreclosure sale); *Luckett v. U.S. Bank Nat. Ass'n*, No. 08-14285, 2009 WL 2496646, at *1, 3-4 (E.D. Mich. Aug. 17, 2009) (applying *Rooker-Feldman* where defendant obtained a judgment of possession in state court and plaintiff subsequently sued in federal court asserting claims of, *inter alia*, fraudulent concealment, fraud in the factum, violation of M.C.L. § 440.3302 (holders in due course)); *cf. Smith v. ABN AMRO Mortgage Group, Inc.*, No. 1:06cv45, 2007 WL 2029044, at *3 (S.D. Ohio July 10, 2007) (declining to apply *Rooker-Feldman* post-*Exxon Mobile* in a state court foreclosure case where "[n]o where in Plaintiffs' demand for relief, in either the original Complaint or the Amended Complaint is there a request for a return of the [foreclosed] property to Plaintiffs"). Accordingly, I adopt Magistrate Judge Scheer's finding that the *Rooker-*

*Feldman* doctrine applies to the instant action, and, therefore, I lack subject matter jurisdiction and I am precluded from addressing other issues raised by the parties.[4]

Although both Defendants have successfully argued for an application of *Rooker-Feldman*, a curious consequence of their success is that I cannot grant the Defendants the relief they seek: dismissal. Rather, the Sixth Circuit has made explicit that where a case has been removed from state court, and the federal court subsequently determines that it lacks subject matter jurisdiction, the only permissible action is to remand to state court—even if the remand would be "futile."

> [W]e find that Plaintiffs do not have standing to bring this action. . . . Accordingly, this Court lacks subject matter jurisdiction and this action must be remanded to the state court from which it was removed. *See* 28 U.S.C.A. § 1447(c) (West Supp.1999) (stating that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").
>
> Despite the express language of § 1447(c), Defendants contend that remand to state court in this case would be futile, as the state court, as a matter of state law, would dismiss the claims against Defendants for lack of standing. We reject Defendants' argument since the futility of a remand to state court does not provide an exception to the plain and unambiguous language of § 1447(c). Indeed, the Supreme Court in [*International Primate*] noted that "'the literal words of § 1447(c) . . . on their face, give . . . no discretion to dismiss rather than remand an action.'" . . . Other circuits, relying on *International Primate*, have held that there is no implicit futility exception hidden behind the plain language of § 1447(c). . . . <u>Hence, in a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory even if it appears that remand would be futile</u>.

*Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 496 (6th Cir. 1999) (emphasis added). Further, this rule applies where the lack of subject matter jurisdiction is due to an application of the *Rooker-Feldman* doctrine. *Mills v. Harmon Law Offices, P.C.*, 344 F.3d 42, 45-46 (1st Cir. 2003) (finding the district

---

[4] It follows that I do not pass on the Report's conclusion that res judicata applies to Plaintiff's claims against Defendant NovaStar, and I do not address Defendant Wayne County's Fed. R. Civ. P. 12(b)(6) arguments.

9

court abused its discretion by dismissing a complaint with prejudice instead of remanding after determining that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine); *Fincher v. South Bend Hous. Auth.*, 612 F. Supp. 2d 1009, 1012 (N.D. Ind. 2009) ("Why the [defendant] would remove a case that would need to be remanded under the *Rooker-Feldman* doctrine, escapes me. In any event, like a boomerang, the claims against the [defendant] must be remanded to state court, and I need not address the merits of the case against it."); *see also Am. Axle & Mfg., Inc. v. Murdock*, No. 03-CV-74492, 2003 WL 25816430, at *2 (E.D. Mich. Nov. 25, 2003) (remanding to state court where court lacked subject matter jurisdiction under *Rooker-Feldman*). Accordingly, this case will be remanded.

## IV. CONCLUSION

For the reasons set forth above, I ADOPT IN PART Magistrate Judge Scheer's Report and Recommendation as to its conclusion that the *Rooker-Feldman* doctrine applies, SUSTAIN Plaintiff's Objection to the Report that this case should be remanded, DENY Defendant NovaStar's Motion to Dismiss and for Summary Judgment, DENY Defendant County of Wayne's Motion to Dismiss and for Summary Judgment, and ORDER this case be REMANDED to the Wayne County Circuit Court for further proceedings.

**IT IS SO ORDERED.**

Date: June 29, 2010           s/ John Feikens
                              United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on June 29, 2010, by U.S. first class mail or electronic means.
>
> s/ Carol Cohron
> Case Manager